IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UDODIRI CLEMENT EZE** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) Civil Action File No. 1:12-CV-04058 |
| | ) WSD-AJB |
| v. | ) |
| | ) |
| **PUBLIX SUPERMARKETS INC.** | ) |
| | ) |
| **DEFENDANT** | ) |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Comes Now, Udodiri Clement Eze, hereinafter "Plaintiff" in the above identified matter, and files his THIRD amended complaint.  This Third Amended Complaint contains an additional claim.  At the time of filing of his original and first amended complaint, Plaintiff had not completed the administrative process and could not file his additional claim.  The process has since been completed and Plaintiff is adding the additional claim by filing "Plaintiff's Third Amended Complaint."  A motion for leave of court to file this complaint containing a claim for the violation of the FSMA ("Food Safety Modernization Act") has been filed contemporaneously.

1.

Plaintiff in the above-styled action, and files this complaint seeking to redress the deprivation of his rights as secured by 42.U.S.C.A. § 1981 and Title

VII. This action is brought for money damages and injunctive relief as based upon Defendants' intentional and unlawful discriminatory employment practices which were based upon Plaintiff's race, color, national origin and retaliation by Defendant's following Plaintiff's complaints. Plaintiff also brings a cause of action pursuant to the FDA Food Safety Modernization Act, (FSMA), Public Law 111-353, 21 U.S.C. § 1012.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1342, and 42 U.S.C.A. § 2000e et. seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 (b) since the defendant conducts business in this district and the cause of action has arisen and occurred in the Northern District of Georgia.

## PARTIES

4.

Plaintiff is a resident of Suwannee, Georgia located in Gwinnett County.

5.

Defendant Publix Supermarkets, Inc. is a foreign profit corporation based in Lakeland, Florida.  Defendant can be served by serving its registered agent Corporation Process Company, 2180 Satellite Blvd. Suite 400, Duluth, GA 30097.

6.

Defendant is engaged in an industry affecting commerce with the meaning of Title VII, and has employed more than 15 persons during the relevant time period.

7.

Plaintiff is a black man of Nigerian national origin.   At all times relevant to this cause of action, Plaintiff was Defendant's employee within the meaning of 42 U.S.C.A. § 2000e (b).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.

Plaintiff filed his EEOC charge of discrimination and retaliation against Defendant on or about August 16, 2011.  Plaintiff was mailed his notice of right to sue on or about August 22, 2012.

9.

Plaintiff filed his pro se lawsuit within ninety days from receipt of the EEOC notice of right to sue.

10.

Plaintiff filed this amended complaint within 90 days of receipt of notification from the U.S. Department of Labor notifying him that a final decision had not been made within the required 210 days, and as such, Plaintiff can exercise his right to de novo review of his FSMA claim in federal court.

STATEMENT OF FACTS

11.

Plaintiff is a black male of Nigerian descent who began his employment with Defendant on or around November 2, 2009.

12.

During the relevant time, Plaintiff was employed as a production supervisor.

13.

On April 5th 2011, Plaintiff received a final warning for a first time infraction. The disciplinary action was given to Plaintiff by Chris Kelley, white American plant manager.

14.

As a result of the disciplinary action, Plaintiff was removed from consideration for a potential promotion.

15.

Defendant awarded the promotion to a white American male.

16.

On April 6, 2011, Plaintiff filed a complaint regarding the disparate treatment that he received. Plaintiff complained that individuals who had committed similar infractions or more severe infractions had not been disciplined by the plant manager.

17.

Following Plaintiff's complaint, Defendant rescinded the promotion of the white American male and awarded the promotion to a black American female.

18.

On June 1, 2011, Plaintiff complained in writing of racism in the enforcement of rules and regulations directly to Jeff Stephens, Director of Fresh Foods. Mr. Stephens' office is located at the corporate headquarters in Lakeland, Florida.

19.

On August 10, 2011, Plaintiff was told by his immediate supervisor that he could not associate with another black male associate of Nigerian national origin.

20.

On August 11, 2011, Plaintiff filed a formal internal complaint of racism based upon color and national origin.

21.

Plaintiff also made internal complaints about what he reasonably believed were substandard practices that could affect the safety of the food product being produced at Plaintiff's work location.

22.

Such practices would be a violation of Section 415(b) of the FD&C act as amended by the Food Safety Modernization Act which prohibits a registered food production company from practices that could result in serious adverse health consequences or death to humans or animals. Such substandard food safety practices could lead to the Defendant's suspension of its registration with the FDA.

23.

Plaintiff's employer retaliated against Plaintiff for his complaints of substandard food safety practices, and his complaints of race, color and national origin with unwarranted and disparate disciplinary actions and ultimately his termination on August 15, 2011.

24.

Defendant's alleged business reason for Plaintiff's termination was that Plaintiff was allegedly dishonest in an investigation. Plaintiff denies this allegation.

25.

Since Plaintiff's termination, he has tried to mitigate his damages, but has been unsuccessful at the time of this filing.

## COUNT ONE – 42 U.S.C.A. § 1981

26.

Plaintiff restates and incorporates by reference all preceding paragraphs as if set forth fully herein.

27.

Plaintiff avers that Defendant's racially discriminatory employment practices and retaliatory conduct, are in violation of Plaintiff's civil rights in the making, performance, and enforcement of contracts as secured by 42 U.S.C.A. § 1981, and engaged in a continuing violation of 42 U.S.C.A. § 1981 during his employment.

28.

As the direct and proximate result of Defendant's violation of 42 U.S.C.A. § 1981, Plaintiff suffered and is seeking all available damages consisting of but not limited to economic loss, emotional distress and punitive damages.

## COUNT TWO – TITLE VII

29.

Plaintiff restates and incorporates by reference all preceding as if set forth fully herein.

30.

Plaintiff avers that Defendant's racially discriminatory employment practices and retaliatory conduct are in violation of Plaintiff's civil rights as secured by Title VII, and engaged in a continuing violation of Title VII during his employment.

31.

As the direct and proximate result of Defendant's violation of Title VII, Plaintiff suffered and is seeking all available damages consisting of but not limited to economic loss, emotional distress and punitive damages.

COUNT THREE – FOOD SAFETY MODERNIZATION ACT 21 U.S.C. § 1012

32.

Plaintiff restates and incorporates by reference all preceding paragraphs as if fully set forth herein.

33.

Plaintiff avers that Defendant's employment practices and retaliatory conduct are in violation of Plaintiff's rights as secured by the FSMA; 21 U.S.C. § 1012 .

34.

As the direct and proximate result of Defendant's violation of the FSMA; 21 U.S.C. § 1012, Plaintiff suffered damages and is seeking all available damages consisting of damages allowed by the law.

## COUNT FOUR – LITIGATION EXPENSES

35.

Plaintiff restates and incorporates by reference all preceding paragraphs as if fully set forth herein.

36.

Plaintiff is entitled to reasonable attorneys' fees and litigation costs under as applicable under 42 U.S.C. § 2000 e – 5(k) *et. seq.,* 42 U.S.C. §1981; 42 U.S.C. § 1988, and 21 U.S.C. § 1012.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment against Defendant as follows:

(a)   For a jury to hear and decide all issues of fact;

(b)   For injunctive relief to be implemented that will prevent the continuation of the racially hostile work environment and the pattern and practice of racial discrimination at Defendants' work locations.

(c)   For injunctive relief to be implemented that will prevent the continuation of any violation of the FSMA;

(d)  For re-instatement;

(e)  For a money judgment compensating Plaintiff for all damages available as the result of Defendant's discriminatory and retaliatory conduct violating 42 U.S.C. § 1981;

(f)  For a money judgment awarding Plaintiff punitive damages in an amount to be determined by a jury for Defendants' violation of 42 U.S.C. § 1981;

(g)  For a money judgment awarding Plaintiff all damages available as the result of Defendant's discriminatory and retaliatory conduct violating Title VII and to be determined by a jury.

(h)  For a money judgment awarding Plaintiff punitive damages as a result of Defendant's discriminatory and retaliatory conduct violating Title VII and to be determined by a jury;

(i)  For a money judgment awarding Plaintiff for all damages available for Defendant's violation of the FSMA;

(j)  For a money judgment awarding Plaintiff pre-judgment interest;

(k)  For a money judgment awarding Plaintiff the costs of this suit, including an award of reasonable attorneys' fees;

(l)  For the Court to retain jurisdiction over this action until Defendant has fully complied with the Orders of this Court and that the Court require Defendant to file such reports as may be necessary to show compliance;

(m)   For such other and further relief that the Court deems just and proper.

Respectfully submitted this 1st day of May 2013.

                                                BY: s/ Jamie G. Miller
                                                       Jamie G. Miller
                                                       Georgia Bar No. 507159
                                                     Attorney for Plaintiff

Law Office of Jamie G. Miller
3399 Peachtree Road, NE
Suite 400
Atlanta, Georgia 30326
404-601-2861
404-601-2893 facsimile
title7@mindspring.com

Certificate of Compliance and Service

I hereby certify the foregoing document has been typed in Times New Roman 14 point font, and is in compliance with Local Rule 5.1B and that on May 1, 2013, I electronically filed the foregoing Plaintiff's Third Amended Complaint with the Clerk of Court using the CM/EF system, which sends notification of the filing to all attorneys of record.

This 1st day of May 2013.

                                                                  s/Jamie G. Miller